IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 1 4 2008
Clerk, U.S. District and Bankruptcy Courts

WARREN E. DREWREY )
46423 Hampshire Station Drive )
Sterling, VA 20165, )
)
)
PLAINTIFF, )
)
v. ) Cl
)
CONDOLEEZZA RICE, )
SECRETARY )
United States Department of State )
2201 C Street N.W. )
Washington, DC 20520. )

Case: 1:08-cv-01411
Assigned To : Urbina, Ricardo M.
Assign. Date : 8/14/2008
Description: Employ. Discrim.

COMPLAINT

I. NATURE OF ACTION

1. This is a claim for recovery of money damages and equitable relief as a result of the Defendant's discrimination against the Plaintiff based upon his Race (African American) and retaliation for engaging in EEO activity in violation of 42 U.S.C. §2000e-, *et. seq.*

II. JURISDICTION

2. This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5 and 16 ( c ), Plaintiff having exhausted his administrative rights in this matter.

III. VENUE

3. Venue is properly placed within this District, pursuant to 28 U.S.C. §1391 (b)

1

and (e) and 542 U.S.C. §2000e-5(f)(3), because the Defendant's Headquarters is located within the District of Columbia and all relevant management actions and decisions concerned in this case took place in this District.

## IV. PARTIES

4. The Plaintiff, Warren E. Drewrey, is an individual, a citizen of the United States of American and a resident of the state of Virginia, and has been for all relevant times concerned herein. At all times pertinent to this Complaint, Plaintiff has been employed by the Defendant as a Management Analyst, GS-12, in the Management Support Division, Bureau of Overseas Building Operations (OBO/MSD).

5. The Defendant, Condoleezza Rice, is currently the Secretary of State of the United States of America, a federal executive agency, which is located at 2201 C Street, NW, Washington, DC 20520.

## V. GENERAL FACTUAL ALLEGATIONS

6. Warren E. Drewrey, Plaintiff herein, commenced his career in the Defendant Department of State in 1988 as a GS-7 employee. From 1988 through 2000 Plaintiff was continuously promoted up to the GS-12 level in the Management Support Division, which is part of the Overseas Bureau of Operations, U.S. Department of State. Yet since 2000 he has not received a grade promotion, despite numerous applications for job announcements in the Management Support Division.

7. Plaintiff has always comported himself in a professional and appropriate

manager in his position as a federal employee. Prior to his most recent performance evaluation in 2006, Plaintiff always consistently received outstanding and excellent performance evaluations for his work in the Management Support Division.

8. In the 2004-2005 time frame, Plaintiff expressed his concern to management on the issues of outside contractors being hired to fill positions within the Management Support Division, and vocally expressing to management that those positions being filled by contractors could be more efficiently handled by career employees such as the Plaintiff. He further voiced concern to management that he and other federal employees in the Management Support Division were being prevented from promotional activities.

9. In 2000 Plaintiff filed a formal EEO case regarding his failure to be promoted from the GS-12 level. That case was resolved in a settlement agreement. In 2006 Plaintiff filed a formal EEO case against his supervisor, Roberto Coquis, based on Plaintiff's continued non promotion from the GS-12 level and specifically for his non selection for advancement positions within the Management Support Division, Overseas Bureau of Operations, while the Agency continued to bring in what Plaintiff considered to be inexperienced and unqualified employees to fill higher graded GS-13 and GS-14 vacancies and new positions.

10. After Plaintiff contacted both the Defendant Agency's Office of Inspector General and Linda Tagliatella of the Office of Human Resources, and filed a complaint regarding the use of contractors and the Defendant Agency's EEO Office and then

3

formally filed his most recent formal EEO case in August 2006 he noticed an increased level of scrutiny and harassment by management, which culminated in a proposal by Defendant Agency to remove Plaintiff from his position with the Federal Government on July 12, 2007.

11. In its July 12, 2007 proposal to terminate Plaintiff from his position with the Defendant Agency and with the Federal government, based upon the charges of Insolent Behavior towards his supervisor, (which contained three specifications of alleged insolent behavior towards his supervisor Roberto Coquis); and Threatening Behavior, (which contained two specifications of allegedly threatening behavior by the Plaintiff against his supervisor Roberto Coquis.)

12. The first allegation of insolent behavior towards a supervisor involved an alleged incident that occurred in November 17, 2005 wherein Mr. Coquis met with Plaintiff and presented him with a memorandum regarding his assignment of duties. The proposed change of duties was that Mr. Coquis wanted the Plaintiff to take charge as the Travel Office Manager and to relocate to the Travel Office no later than December 9, 2005. At the time of this meeting in November the Plaintiff informed Mr. Coquis that he had met with his supervisor in a cordial manner and informed him that he had reservations about moving his office and also about taking on the duties of the travel officer newspaper clipping service due to the fact that the Plaintiff has a chronically ill child whose care might impede on those newspaper clipping duties, in that on some

mornings he has to care for his child before coming to work, and he didn't want to be reprimanded for this function. Plaintiff stated honestly that he did not want this to become a negative factor in his performance evaluation, but nevertheless he continued to do the functions of newspaper clipping for the travel office. Plaintiff asserts that he was not insolent, and he was not disciplined or even notified contemporaneously of any deficiency regarding this incident.

13. On May 24, 2006 Plaintiff was confronted by Mr. Coquis regarding an alleged misuse of leave that had occurred on March 31, 2006. Plaintiff asserts that Mr. Coquis began to dispute the fact that Plaintiff had not returned from work on March 31, 2006, wherein Plaintiff asserts that he appropriately followed leave procedures. Plaintiff was accused in the proposal to remove him that he had raised his voice and acted insolently towards his supervisor. In response, Plaintiff would assert that he was speaking in a normal tone of voice and moreover that there are other employees in the Management Services Division who have engaged in shouting matches but who have not been disciplined.

14. On August 1, 2006 Plaintiff was presented with a memorandum entitled "deficiencies in your performance". This memorandum took the Plaintiff by surprise since he had been working closely with Mr. Coquis since at least December 2005 until June 2006 and during that time there had never been any discussions, counseling or meetings about deficiencies in his work performance. He had met repeatedly with Mr. Coquis

during the winter and spring of 2006 and had not been told prior to receiving the memorandum that his performance was less than excellent. During his sixteen years of service with the Defendant Agency the Plaintiff has never received anything less than excellent on his performance ratings. In fact in the prior two years, he had received one outstanding and one excellent rating from Mr. Coquis, prior to the time he began complaining about the use of contract employees. Plaintiff refused to sign the memorandum.

15. In addition to alleging that Plaintiff was insolent regarding the November 17, 2005 incident, Plaintiff told Mr. Coquis that he did not feel that he should have to move his office to accommodate a contractor employee. Because of that statement Plaintiff was accused by Mr. Coquis of engaging in threatening behavior, although this charge was not upheld in the administrative process.

16. On April 18, 2007 following a meeting held in the Human resources with personnel and union officials regarding Plaintiff's new performance elements Plaintiff and Mr. Coquis left the meeting prior to the other attendees. Plaintiff was accused by Mr. Coquis of making the statement upon exiting the meeting room of "I am going to get you." Although Mr. Coquis was the only individual who heard this statement although two unbiased witnesses were present in the room where it allegedly occurred and signed statements and testified that it did not occur.

17. Following the incident, after Mr. Drewrey had gone out to lunch, he discovered

that his security access had been denied to the office building where he worked, and on April 20, 2006 he was placed on a non duty pay status and informed that he should not report to work until further notice.

18. On May 9, 2007 Plaintiff was sent a memorandum from Diplomatic Security and was instructed to contact Medical Services at the Defendant Agency and to make an appointment and compelled to undergo a psychiatric examination by the Department of State psychiatrist Dr. Richard Filson .

19. The Agency did not uphold the proposal to remove him, but instead imposed a 60 day suspension without pay. Plaintiff timely appealed that decision to the U.S. Merit Systems Protection Board as a mixed case, alleging that the matter involved not only elements of federal personnel law but also elements of unlawful discrimination. The Merit Systems Protection Board upheld the 60 day suspension. Following the Merit Systems Protection Board decision the Plaintiff appealed the decision to the Office of Federal Operations of the Equal Employment Opportunity Commission. On July 17, 2008 the Office of Federal Operations upheld the decision of the Merit Systems Protection Board. This Complaint timely follows within 30 days of that decision.

VI. FIRST CLAIM FOR RELIEF

RACE DISCRIMINATION

20. All of the factual allegations previously asserted are incorporated herein by reference.

21. That Defendant cannot articulate a legitimate, nondiscriminatory reason for its disparate treatment of the Plaintiff as specified above, and for proposing his removal and for suspending Plaintiff from his federal employment for 60 days without pay, and for its continued and constant discrimination against him as more fully outlined above.

22. That even assuming that Defendant were able to articulate a legitimate nondiscriminatory reason for its discrimination against Plaintiff culminating in the proposed removal and suspension of the Plaintiff from his position as a Management Analyst in the Management Support Division, Bureau of Overseas Building Operations, such reason is a pretext for racial discrimination based on Plaintiff's race (African American).

23. That Plaintiff was treated differently than employees of the Defendant Agency who were not African American.

24. That the above constitutes a violation of 42 U.S.C. section 2000(e-2) and 16(a).

25. That the Defendant's violation of 42 U.S. C. Section 2000e-2 and 16 was also the direct and proximate cause of the following general and specific damages to the Plaintiff; loss of past and future income, benefits and entitlements, promotion potential, severe and extreme emotional and mental distress; physical illness; medical expenses incurred; personal humiliation, embarrassment, inconvenience and damage to his professional reputation, and damage to his career with the federal government.

## VII. SECOND CLAIM FOR RELIEF

## RETALIATION FOR ENGAGING IN EEO ACTIVITY

26. All of the factual allegations previously asserted are incorporated herein by reference.

27. Defendant retaliated against the Plaintiff for his engaging in protected activity in that he had been, both previous to and during the incidents noted in this complaint involved in EEO activity and had filed previous EEO complaints.

28. Defendant's conduct was in violation of 42 U.S.C.§ 2000e-2 and 16(a).

29. Defendant's violation of 42 U.S.C.§ 2000e-2 and 16(a) was the direct and proximate result of the following general and specific damages to the Plaintiff; loss of past and future income, benefits and entitlements; promotion potential; severe and extreme emotional and mental distress; physical illness; medical expenses incurred; personal humiliation, embarrassment; inconvenience; and damage to his professional reputation, and damage to his career as a federal employee.

## VIII. PRAYER FOR RELIEF

30. WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

a. For an injunction against future discrimination;

b. For lost past and future wages, pay and benefits, plus interest, in an amount to be

determined at trial;

c. For compensatory damages suffered by the Plaintiff in the amount of $300,000, or if larger, the maximum allowable by law;

d. For the Plaintiff's costs incurred herein and in collection of any judgment that the Plaintiff;

e. For reasonable attorney fees and costs; and ,

f. For such further relief as the Court may deem just and appropriate.

## IX. DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a trial by jury on all counts and issues in this case.

Respectfully Submitted,

*/s/ Michael Spekter*

Michael L. Spekter, Esq.
Attorney at Law
D.C. Bar No. 357780
1090 Vermont Avenue, NW Suite 500
Washington, DC 20005
Telephone: (202) 223-8112
Fax:          (240) 235-4441
email:   spekterlaw@aol.com

Attorney for Plaintiff Warren E. Drewrey

## VERIFICATION

Warren E. Drewrey hereby declares under penalty of perjury that:

I am the Plaintiff named in this Complaint. I have read the foregoing Complaint in its entirety and knows the contents thereof, the same are true of his knowledge, except for those matters alleged on information and belief, and as to those, I believe them to be true and correct.

August 14 2008

Warren E. Drewrey

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Warren E. Drewrey

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Condoleezza Rice
Secretary, U.S. Department of State

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael L. Spekter, Esq.
1090 Vermont Avenue, NW Suite 500
Washington, DC 20005

Case: 1:08-cv-01411
Assigned To : Urbina, Ricardo M.
Assign. Date : 8/14/2008
Description: Employ. Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 3 Federal Question (U.S. Government Not a Party)
- (x) 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | (x) 4 |
| Citizen of Another State | (x) 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### A. Antitrust
- [ ] 410 Antitrust

### B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. General Civil (Other) OR F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

/3/

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC section 2000e-et seq.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000.   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 8.14.08   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.